IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                              )    CHAPTER 13
                                                    )
GERALD C ECK, and                                   )
DENISE M ECK                                        )
                        Debtors                     )    CASE NO.: 23-10800-MDC
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~                     )
CAPITAL ONE AUTO FINANCE, A                         )
DIVISION OF CAPITAL ONE, N.A.                       )
                        Movant                      )
           vs.                                      )    **LOCATION:**
                                                    )    900 Market Street, Suite 400
GERALD C ECK, and                                   )    Courtroom No. 2
DENISE M ECK                                        )    Philadelphia, PA 19107
                                                    )
           and          Respondent                  )
                                                    )
KENNETH E. WEST                                     )
                        Trustee                     )
                                                    )
                                                    )

### STIPULATION RESOLVING CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Came on for consideration the Motion for Relief from Automatic Stay (Doc. 20) filed by Capital One Auto Finance, a division of Capital One, N.A. its assigns and/or successors in interest, ("Movant"), in the above entitled and numbered case, regarding the 2017 Jeep Patriot Utility 4D Latitude 2.4L I4, V.I.N. 1C4NJPFB6HD169674 (the "Collateral"). The Court, having considered said Motion and agreement of counsel, is of the opinion that the following Stipulation should be entered.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:**

1.   **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2.  **Current Monthly Payments:** Debtors shall continue to remit to Movant the regular post-petition monthly payments of $436.57, beginning July 25, 2023.

3.  **Debtors Will Make Extra Payments In Order To Cure The Arrearage:** The current post-petition arrearage amount is $871.28 ("Arrearage"). Debtors agrees to cure the Arrearage in the following way:

    a. **Monthly Cure Payments:** Debtors will make Six (6) consecutive monthly payments to cure the Arrearage ("Cure Payment"). The first five (5) Cure Payments will be in the amount of $145.00 and the last Cure Payment will be in the amount of $146.28. Each Cure payment is due by the 25th of the month with the first Cure Payment due on or before July 25, 2023. The last Monthly Cure Payment will be paid on or before December 25, 2023.

4.  **Discharge:** Notwithstanding any provisions hereof, the Automatic Stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

5.  **Conversion to Chapter 7:** The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code. In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order. Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the note shall become immediately payable to Movant, and failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

6.  **Default:** A default will occur in the event, (1) Movant does not receive a regular post-petition monthly payment by the due date as set forth above in paragraph 2, (2) Debtors fail to keep the Collateral insured, (3) Collateral is total loss. If Debtors default in any way, then Movant may send written notice of the default to Debtors and Counsel for Debtors by Regular

Mail and by Certified Mail Return Receipt Requested, postage prepaid. The written notice will give Debtors a 10–day period to cure the default. Cure payments must be made by certified funds only and Movant may charge Debtors $50.00 for any notice given pursuant to this Order. If the account is not brought current within the ten-day period, Movant may be granted relief from the automatic stay imposed by 11 U.S.C. §362 as it relates to the Movant and the Collateral upon filing a Certification of Counsel that Debtors is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Debtors, Debtors' counsel, and Chapter 13 Trustee. If the stay terminates pursuant to this Agreed Order, Movant shall be allowed to enforce all its rights and remedies in the Collateral as permitted under the contract and State law, and if applicable, permitted to file an unsecured claim for any remaining deficiency balance.

**IT IS FURTHER ORDERED THAT:** Movant may immediately enforce and implement this Order granting relief from the Automatic Stay and the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtors, Debtors' attorney, and the Chapter 13 Trustee that the Automatic Stay has been terminated. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 7/22/23

*(signature)*
PAUL H. YOUNG
Attorney for the Debtors

CONSENTED TO BY:

DATED: 7/24/2023

*(signature)* Regina Cohen
REGINA COHEN
Attorney for Capital One Auto Finance, a division of Capital

No Objection
/s/ LeeAne O. Huggins

CONSENTED TO BY:

DATED: July 26, 2023

Kenneth E. West
Chapter 13 Trustee

SO ORDERED:

ENTERED ON: _____

MAGDELINE D. COLEMAN
United States Bankruptcy Judge